IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRETT D. BIRKMEYER,

    Plaintiff,

v.                                              Civil Action No. 2:07cv186

OLD DOMINION UNIVERSITY, et al.,

    Defendants.

## BRIEF IN SUPPORT OF
## MOTION TO CONSOLIDATE

Brett D. Birkmeyer ("Birkmeyer"), by counsel, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, files this brief in support of his motion to consolidate this civil action with the civil action filed by Birkmeyer on November 11, 2007 in this Court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., styled Brett D. Birkmeyer v. Old Dominion University ("Title VII action"), and respectfully requests the Court grant this motion and enter an Order consolidating the aforementioned actions for trial together, for the following reasons, set forth more fully below:

    1.    Both cases involve common issues of fact;

    2.    Both cases are expected to involve common issues of law; and

    3.    Consolidation is necessary to avoid unnecessary cost.

## FACTS

Brett Birkmeyer was a police officer employed in the Old Dominion University Police Department until he was fired from that job in March of 2005. Birkmeyer filed a grievance challenging his termination, alleging that it was the product of race discrimination against him

and against white employees generally, and alleging that it was the product of retaliation against him for opposing race discrimination against him and other white employees in the ODU Police Department. A hearing officer appointed by the Virginia Department of Employment Dispute Resolution ruled in favor of Birkmeyer, specifically finding that Birkmeyer was terminated because of his race. That determination was reviewed and upheld by the Norfolk Circuit Court. These grievance proceeding has lasted for over two and a half years, and is still ongoing, with ODU now expected to appeal the Norfolk Circuit Court's ruling to the Virginia Court of Appeals.

While the grievance proceedings were ongoing, Birkmeyer filed a timely charge of discrimination against ODU with the United States Equal Employment Opportunity Commission. The EEOC, after a lengthy investigation, issued a written determination finding ODU guilty of race discrimination, racial harassment and retaliation against Birkmeyer. Because ODU is a state agency, the EEOC then referred the case to the United States Department of Justice. Under the law, Birkmeyer could not file the Title VII action unless and until the DOJ issued a Notice of Right to Sue. The DOJ issued the Notice of Right to Sue on October 23, 2007, and on November 9, 2007 Birkmeyer filed his Title VII complaint with this Court.

Birkmeyer was forced to file this section 1983 action before the EEOC made its decision, and before DOJ completed its review, in order to comply with the statute of limitations governing section 1983 actions. Trial of the section 1983 action was scheduled to take place on December 10, 2007 but, due to an unavoidable scheduling conflict with other cases on the Court's docket, the trial was continued by Order of the Court, and a new date for it has not yet been set.

Birkmeyer has filed this motion, requesting that the Court consolidate this Section 1983 action and his Title VII action, and respectfully requests the Court grant this motion for the following reasons.

ARGUMENT

1.   Both Cases Involve Common Issues of Fact.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Birkmeyer respectfully submits this civil action should be consolidated with the civil action filed this day in this Court pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., styled Brett D. Birkmeyer v. Old Dominion University ("Title VII action"), because those actions involve almost completely identical questions of fact. The predominant factual issue in both cases is whether Birkmeyer's termination from his job as a police officer in the Old Dominion University Police Department was the product of racial discrimination against him because he is White, racial harassment against him because he is White, and retaliation against him for reporting and opposing such racial discrimination and harassment. This can be seen clearly from the Complaint filed in this action, and the Complaint filed in Birkmeyer's Title VII action, including the EEOC Determination against ODU which is attached as an exhibit to the Title VII Complaint. Because both actions turn on this common question of fact, the evidence introduced at the trial of both actions will be, in large measure, the same. Likewise, the discovery appropriate to each action will involve essentially the same witnesses and the same documents. In these circumstances, litigating the two actions separately

3

would be duplicative and wasteful. This is precisely the situation in which Rule 42(a) contemplates consolidation of two actions, and Birkmeyer respectfully submits that the Court, for these reasons, should grant his motion for consolidation.

      2.      <u>Both Cases Are Expected to Involve Common Issues of Law</u>.

The statutes under which the two actions are brought are different, one being brought under 42 U.S.C. § 1983, and one being brought under Title VII of the Civil Rights Act of 1964. Because both actions involve the question of whether certain actions by the defendants constituted racial discrimination, racial harassment, and retaliation, however, an overlap of legal issues in both actions is likely, particularly involving matters of evidence. For example, because Birkmeyer has reason to believe ODU may not have complied with its obligation to preserve certain electronic evidence, specifically including e-mail, spoliation of evidence by ODU is expected to be a legal issue arising in both actions. Birkmeyer respectfully submits that the Court, for these reasons as well, should grant his motion for consolidation.

      3.      <u>Consolidation is Necessary to Prevent Unnecessary Cost</u>.

As indicate above, conducting the Section 1983 action and the Title VII action would, in all practical respects, amount to trying the same case twice. Because ODU is represented by the Office of the Virginia Attorney General, it may not be concerned with the cost of litigation being doubled. The financial burden of double litigation, however, would be severe to Birkmeyer, because his job managing a Papa John's pizza store provides him with very modest resources. Accordingly, Birkmeyer respectfully submits that the two actions should be consolidated and tried together to avoid the unnecessary cost of holding two virtually identical trials.


## CONLUSION

For the reasons set forth above, Birkmeyer respectfully requests the Court grant his motion to consolidate and enter an Order consolidating the aforementioned actions for trial together.

>                           Respectfully submitted,
>
>                           BRETT D. BIRKMEYER
>
>                           By: _____/s/_____
>                                    Of Counsel

Raymond L. Hogge, Jr.
VSB No. 29445
Ray Hogge & Associates, PLC
999 Waterside Drive, Suite 1313
Norfolk, Virginia 23510
Tel:  (757) 961-5400
Fax: (757) 962-5979
rayhogge@virginialaborlaw.com
Counsel for Brett D. Birkmeyer

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Ronald N. Regnery, Esq.
>Senior Assistant Attorney General
>Office of the Attorney General
>900 East Main Street
>Richmond, Virginia 23219
>rregnery@oag.state.va.us
>Counsel for Defendants

>_____/s/_____
>Raymond L. Hogge, Jr., Esq.
>VSB No. 29445
>Ray Hogge & Associates, PLC
>999 Waterside Drive, Suite 1313
>Norfolk, Virginia 23510
>Tel:  (757) 961-5400
>Fax: (757) 962-5979
>rayhogge@virginialaborlaw.com
>Counsel for Brett D. Birkmeyer