IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRETT D. BIRKMEYER,

    Plaintiff,

v.                                                    Civil Action No.: 2:07cv186

OLD DOMINION UNIVERSITY, *et al.*

    Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

The defendants, Karen R. Daniels, Eric Brown, Richard F. Minney, and Traci Daniels (hereinafter collectively referred to as "Defendants"), by counsel, hereby submit the following Memorandum of Law in Opposition to the Plaintiff's Motion to Consolidate. For the reasons stated below, the Motion should be denied.

I.   **Introduction And Procedural History**

On March 21, 2007, Birkmeyer, by counsel, filed a Complaint in the Circuit Court for the City of Norfolk. In that Complaint, Birkmeyer alleged, among other things, due process and equal protection claims against several individual employees of Old Dominion University ("ODU" or "University"), as well as against the University itself, pursuant to 42 U.S.C. § 1983 and other statutes (this initial lawsuit is hereinafter referred to as "Plaintiff's § 1983 suit"). On April 20, 2007, Plaintiff's § 1983 suit was removed to this Court (C.A. 2:07cv186). In response to a Motion to Dismiss filed on behalf of the defendants, this Court dismissed several of the counts in Plaintiff's § 1983 suit (as well as against ODU and most of the individuals named as defendants therein). *See* Memorandum Opinion and Order of July 17, 2007. Despite being given the opportunity by the Court to amend his Complaint pursuant to the July 17, 2007 Order, Birkmeyer failed to do so. As a result, only four (4) individuals remain as Defendants in Plaintiff's § 1983 suit.

The cut-off for Plaintiff's discovery in his § 1983 suit was October 1, 2007. Prior to that date, Birkmeyer did very little to prosecute his case (*e.g.*, he served no written discovery, took no depositions (though he was provided several dates on which to do so) and served no subpoenas). The Defendants, by contrast, engaged vigorously in such discovery until the date of their cut-off (which was October 31, 2007). Thus, discovery has closed and the Defendants are currently prepared to file dispositive motions and/or proceed to trial in Plaintiff's § 1983 suit.

In stark contrast, the complaint filed by the Plaintiff on or about November 9, 2007 (C.A. 2:07cv513) alleges various Title VII claims only against ODU (hereinafter

referred to as "Plaintiff's Title VII suit") and is at a vastly different stage of preparation. Specifically, Plaintiff's Title VII suit has yet to be even served. It is well-established that cases at different stages of trial preparedness generally are not good candidates for consolidation if one case is ready for trial and the other is not. 8 James Wm. Moore et al., *Moore's Federal Practice - Civil* § 42.10(6)(e) (3d. ed. 2007) (footnote omitted). Although cases at different stages of litigation may be consolidated, courts tend not to disturb the momentum of a case that is, under local procedural rules, "ready for trial." *Id.* Further, and as noted above, counsel for the Plaintiff admittedly has done little to prepare his § 1983 suit, while the Defendants have proceeded forward with that matter by conducting discovery in a timely and expeditious manner. As a result, it also would be unfair to allow Birkmeyer to delay the Defendants their opportunity to file dispositive motions (and/or to have their "day in court") by allowing their case to be consolidated with the Plaintiff's Title VII suit filed only recently and solely against ODU. While Birkmeyer argues in his Motion that consolidation may be more efficient for him, the interests of justice dictate that "the benefits of efficiency can never be purchased at the cost of fairness." *Id.* at § 42.10(4)(a).

**II.    Argument**

**A.    Rule 42(a)**

Rule 42(a) of Federal Rules of Civil Procedure ("F.R.C.P.") "permits the consolidation of actions that pose common questions or law or fact. Judicial economy generally favors consolidation, but the Court must conduct a careful inquiry that balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings

3

could engender." *Orbital Sciences Corp. Securities Litigation v. Thompson*, 188 F.R.D. 237, 238 (E.D. Va. 1999) (citations omitted).

A party bringing a motion for consolidation has the burden of showing the commonality of facts, law, or both in the cases sought to be combined. *Moore's Federal Practice – Civil* at § 42.10(2)(a) (footnote omitted). Before exercising their discretion, courts will examine the "special underlying facts" with "close attention." *Id.* (footnote omitted). Beyond a threshold finding of convenience and commonality of factual or legal questions or both, there are various other factors that are influential in determining whether or not consolidation is appropriate – such as the interests of justice and fairness to all the parties. *Id.*

**B.     Plaintiff's Motion to Consolidate Should Be Denied**

Although the Court has broad discretion in determining whether to consolidate actions, this power "is not unbounded." *Id.* at § 42.10(3)(c). Even when it appears there are common questions, their presence may be insufficient to justify consolidation. *Id.* (footnote omitted). "Even though it is widely agreed that considerations of judicial economy favor consolidation, 'the benefits of efficiency can never be purchased at the cost of fairness.'" *Id.* at § 42.10(4)(a) (footnotes omitted). Whether the interests of justice are served is essential to a Court's analysis of whether to consolidate actions: "Courts have employed a balancing test to determine whether consolidation serves the interests of justice. In weighing the interests of convenience and economy against an ultimate goal of fairness and impartiality at trial, as well as individual justice, courts have found fairness must be paramount." *Id.*

As noted above, cases at different stage of preparedness are "generally not good candidates for consolidation" – particularly "if one case is ready for trial and one is not." *Id.* at § 42.10(5)(e) (footnote omitted). *Lewis v. Four B Corp.*, 347 F.Supp.2d 1017, 1020 (D. Kan. 2004) is illustrative. In *Lewis*, the court denied plaintiff's motion to consolidate two (2) employment discrimination actions. Similar to here, the first lawsuit in *Lewis* was filed much earlier than the second (in *Lewis*, it was more than a year; in the instant situation, nearly eight (8) months). Moreover, in *Lewis*, discovery had been completed in the first case and that matter was ripe for summary judgment. *Id.* at 1020. Also similar to Birkmeyer's cases, the two (2) lawsuits in *Lewis* alleged claims that related, in part, to the same "disciplinary incident." *Moore's Federal Practice - Civil* at § 42.10(5)(e), n.49. Nevertheless, the district court in *Lewis* denied the motion to consolidate "because discovery in the first had been completed for several months, but had not yet begun in the second action, which included two (2) defendants who had been dismissed from the first action." *Id.* Consistent with the district court's denial of the motion to consolidate filed by the plaintiff in *Lewis*, Birkmeyer's motion to consolidate should likewise be denied here. *See also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (consolidation denied when one case ready for trial and other still in discovery stages).

C. **In The Alternative, Only Birkmeyer's Equal Protection Claims Should Be Consolidated With His Recently-Filed Title VII Suit**

In his Brief in Support of the Motion to Consolidate, Birkmeyer, by counsel, gives essentially two (2) reasons for his Motion - both cases involve common issues of fact and law and consolidation is necessary to avoid unnecessary cost. However, there is at least one "issue of fact and law" that is not "common" to both Birkmeyer's § 1983 suit and his Title VII suit (specifically, his due process claim). If this Court were to consolidate these

5

matters, Defendants respectfully request that this due process claim be carved out and allowed to proceed forward (*e.g.*, to the filing of a dispositive motion and/or trial) without further delay. "[The Court's] [d]iscretion extends to the very form that consolidation takes. The Court may limit consolidation to particular issues…" *Moore's Federal Practice - Civil* at § 42.10(5)(e); *see also* F.R.C.P. 42(b) (permitting separate trials on "any claim" or "separate issue").

By granting the Plaintiff's Motion under such conditions, the Plaintiff would be given the opportunity to accomplish the goal sought by his moving for consolidation on all purported "common" issues of law and/or fact - but the Defendants would not be penalized (and the Plaintiff would not be rewarded) for his failure to actively prosecute his due process claim in his 42 U.S.C. § 1983 suit.

WHEREFORE, the Defendants respectfully request that the Court deny the Motion to Consolidate or, in the alternative, permit only the consolidation of Plaintff's equal protection claims and his recently-filed Title VII suit against ODU.

Respectfully submitted,

**Karen R. Daniels, Eric Brown, Richard F. Minney, and Traci Daniels**

By: _____/s/_____
Ronald N. Regnery
Virginia Bar Number: 37453
Counsel for Defendants
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-5632
Fax: (804) 371-2087
E-mail: *rregnery@oag.state.va.us*

Robert F. McDonnell
Attorney General of Virginia

William C. Mims
Chief Deputy Attorney General

Maureen Riley Matsen
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General

**Ronald N. Regnery\***
Senior Assistant Attorney General
Bar I.D. No. 37453

Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-5632
(804) 371-2087 (fax)

**\*Counsel of Record for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that, on this **21st** day of **November, 2007**, the foregoing **MEMORANDUM IN OPPOSITION TO MOTION TO CONSOLIDATE** was filed electronically with the clerk of court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

>Raymond L. Hogge, Jr., Esquire
>999 Waterside Drive, Suite 1313
>Norfolk, Virginia 23510
>**Counsel for the Plaintiff**

By: _____/s/_____
Ronald N. Regnery
Virginia Bar Number: 37453
Counsel for Defendants
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-5632
Fax: (804) 371-2087
E-mail: *rregnery@oag.state.va.us*

8